THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIKA PIERSON and COLIN MEEK, individually and as a married couple,<br><br>                          Plaintiffs,<br>    v.<br><br>USAA, a foreign insurer,<br><br>                          Defendant. | CASE NO. C21-0848-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiffs' motion to strike Defendant's answer or remand (Dkt. No. 10) and Defendant's motion to set aside the entry of default (Dkt. No. 12). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES Plaintiffs' motion and GRANTS Defendant's motion for the reasons explained herein.

I.      **BACKGROUND**

Plaintiffs Erika Pierson and Colin Meek bring claims against Defendant USAA for breach of contract, bad faith, and violations of the Washington Consumer Protection Act in connection with Defendant's alleged mishandling of their claims for underinsured motorist benefits. (*See generally* Dkt. No. 1-1.) Plaintiffs filed this suit in King County Superior Court and served a summons and copy of the complaint on Defendant via the Washington Insurance

1    Commissioner on May 24, 2021. (Dkt. No 7-1 at 7.) On June 21, 2021, Plaintiffs moved for an

2    entry of default, which the superior court granted on June 22, 2021. (*Id.* at 41–43.)

3          The next day, counsel for the parties communicated by e-mail. (Dkt. No. 12-1.) Plaintiffs'

4    counsel acknowledged that he had prematurely moved for default and that the order should be

5    vacated. (*Id.* at 2.)[1] He offered to draft an agreed motion and order to set aside the entry of

6    default. (*Id.* at 3; Dkt. No. 10 at 4.) Defense counsel thanked Plaintiffs' counsel and advised him

7    that Defendant intended to remove the case to federal court based on diversity jurisdiction. (Dkt.

8    No. 12-1 at 2.) Defendant removed the case, and five days later, filed an answer. (Dkt. Nos. 1, 6.)

9    On July 20, 2021, Plaintiffs' counsel informed Defendant that because Defendant had removed

10   the action, Plaintiffs would no longer agree to set aside the default order. (Dkt. No. 12-2.)

11         Plaintiffs now ask the Court to strike Defendant's answer. (Dkt. No. 10.) Defendant

12   opposes Plaintiffs' request and asks the Court to set aside the entry of default and deny Plaintiffs'

13   motion. (Dkt. No. 12.)

14   **II.      DISCUSSION**

15         The Court may set aside an entry of default "for good cause shown." Fed. R. Civ. P.

16   55(c). The Court may use this power to set aside a state court entry of default that occurred prior

17   to removal. *Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir. 1963).

18         In determining whether good cause is shown, the Court must consider "'(1) whether [the

19   party seeking to set aside the default] engaged in culpable conduct that led to the default; (2)

20   whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would

21   prejudice' the other party." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615

22   F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants*

23   *Grp., Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004)). This test, which also applies to motions

24

25   ---
     [1] Under Wash. Rev. Code § 48.05.200 and § 48.02.200(4), Defendant had 40 days from service
     of the summons and complaint upon the Commissioner to answer. Plaintiff mistakenly believed
26   Defendant had only 20 days. (*See* Dkt. No. 7 at 40.)

seeking relief from default judgment, is more liberally applied where a party seeks relief from an entry of default. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 n.1; *see Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986) ("The court's discretion is especially broad where, as here, it is the entry of default that is being set aside, rather than a default judgment."). The defendant bears the burden of showing that relief from default is warranted. *Franchise Holding II, LLC*, 375 F.3d at 926. Except in "extreme circumstances," a case should be decided on the merits rather than by default. *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1091 (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)).

The Court finds good cause to set aside the state court's entry of default in this case.[2] First, the entry of default was not due to any culpable conduct by Defendant. A defendant's conduct is culpable if its failure to answer reflects bad faith, "such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" *Id.* at 1092 (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001), *overruled on other grounds by Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001)). Here, the state court entered default not because Defendant failed to timely answer, but rather, because Plaintiffs mistakenly believed that Defendant had less time to respond to the complaint than it did, and thus prematurely sought and obtained default. (Dkt. No. 12-1 at 1.)[3] Under these circumstances, Plaintiffs concede, as they must, that Defendant did not engage in any culpable conduct that led to the default. (*See* Dkt. No. 13 at 2.)

Second, Defendant has satisfied its burden "to make some showing of a meritorious defense as a prerequisite to vacating an entry of default." *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). To make such a showing, a defendant "must present specific

---

[2] Because the Court finds good cause, the Court need not address Defendant's suggestion that the entry of default is void and thus setting it aside is non-discretionary. (*See* Dkt. No. 12 at 5 n.1.)

[3] Defendant in fact filed an answer that would have been timely under Washington law and federal law if not for the state court entry of default. (*See* Dkt. No. 6 (answer filed within 40 days of service upon the commissioner and within 7 days of removal).)

facts that would constitute a defense," but "the burden . . . is not extraordinarily heavy." *Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d at 1094 (quoting *TCI Grp.*, 244 F.3d at 700). The amended affidavit by USAA Injury Examiner Geoffrey Maduzia satisfies the Court that "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Hawaii Carpenters' Trust*, 794 F.2d at 513; (Dkt. No. 18-1).[4]

Third, Plaintiffs will not be prejudiced by setting aside the default. The only argument Plaintiffs make as to prejudice is that prejudice exists if a default is vacated without a sufficient showing of a meritorious defense. (*See* Dkt. No. 13 at 4.) But as discussed above, Defendant has shown potentially meritorious defenses, and it is well-established that "merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default." *TCI*

---

[4] The amended affidavit sets forth additional facts to support USAA's defenses and was submitted after Plaintiffs filed their opposition brief. In Plaintiffs' opposition brief, they argued that the original affidavit failed to set forth sufficient specific facts to establish defenses to all of Plaintiffs' claims and that Defendant "should not be heard to offer evidence, authority and argument in reply for the first time." (Dkt. No. 13 at 9.) Even if the Court were to ignore the amended affidavit, however, the Court would reach the same result. *See FOC Fin. Ltd. P'ship v. Nat'l City Com. Cap. Corp.*, 612 F. Supp. 2d 1080, 1084–85 (D. Ariz. 2009) (setting aside a default even though the defendant did not properly argue meritorious defenses); *Equal Emp. Opportunity Comm'n v. Glob. Horizons, Inc.*, 2013 WL 11326722, slip op. at 1 (E.D. Wash. 2013) (setting aside a default even though the Court was "uncertain" whether Defendant had a meritorious defense); *C.R. v. PLB Mgmt. LLC*, 2021 WL 3144467, slip op. at 3 (C.D. Cal. 2021) (setting aside a default even though the defendants did not explain what their purported meritorious defenses would be); *see also Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1112 (9th Cir. 2011) (holding that the district court's finding that the defendant acted culpably did not preclude it, as a matter of law, from setting aside the default judgment where the defendant had shown a meritorious defense and prejudice to the plaintiffs from setting aside default could be cured). The affidavit originally filed by Defendant is limited in its recitation of specific facts, but it nonetheless asserts, in generalized terms, defenses to Plaintiffs' claims. (Dkt. No. 12-3.) Ultimately, the "underlying concern" of the Court "is to determine whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default" such that "reopening . . . the case" will not just "cause needless delay and expense to the parties and the court system." *Hawaii Carpenters' Trust*, 794 F.2d at 513. Even if the Court were only to consider the original affidavit, the Court cannot conclude that allowing this case to proceed would "cause needless delay and expense to the parties and court system." Because of this and because the first and third *Falk* factors sufficiently favor setting aside the entry of default, the Court would reach the same result and grant Defendant's motion even in the absence of the amended affidavit.

1  *Grp. Life Ins. Plan*, 244 F.3d at 701.

2        Finally, the Court rejects Plaintiffs' argument that Defendant's motion to set aside the

3  entry of default is untimely. Plaintiffs argue that because Defendant filed its motion more than

4  seven days after removal, Defendant is "stuck" with a default and can no longer contest liability.

5  (Dkt. Nos. 10 at 3–4, 10; 17 at 2.) Plaintiffs rely on Federal Rule of Civil Procedure 81(c), which

6  requires a defendant who did not answer before removal to answer a complaint within seven

7  days after a notice of removal is filed. (*Id.*) Plaintiffs argue that the Rule *also* imposes a time

8  limit for a defendant who is in default at the time of removal to ask the federal court to set aside

9  the default. (*Id.*) Nothing in the text of Rule 81 imposes such a requirement, and Plaintiffs cite no

10  controlling authority holding that a motion to set aside a state court's entry of default is untimely

11  if filed more than seven days after removal.

12        Plaintiffs rely on an inapposite case, *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d

13  884 (9th Cir. 2001), in which the Ninth Circuit upheld a district court's decision declining to set

14  aside an entry of default. The defendant removed the case and then failed to answer within the

15  time allowed by Rule 81(c). *Id.* at 886. The district court found that the removing attorney's

16  failure to read Rule 81(c) did not amount to good cause set aside the entry of default. *Id.* at 886–

17  887. As discussed above, the instant case is distinguishable because it was not Defendant's

18  culpable conduct that led to the entry of default. More importantly, the *Speiser* case did not

19  involve a defendant who was already in default prior to removal, and the Ninth Circuit's analysis

20  and holding simply had nothing to do with the timeliness of a motion to set aside a state court's

21  entry of default following removal.

22        Plaintiffs also rely on *Maggiore v. Barensfeld*, 2011 WL 1811067, slip op. at 3 (N.D.

23  Ohio 2011). (*See* Dkt. No. 17 at 2–4.) In *Maggiore*, the defendant removed the case to federal

24  court after plaintiff had obtained a default judgment and filed an answer six days later. The

25  district court granted the plaintiff's motion to strike the answer and declined to set aside the

26  default judgment because (1) the defendant did not request that the Court do so until a month

ORDER
C21-0848-JCC
PAGE - 5

after the Rule 81(c) deadline to file an answer and (2) the defendant made no attempt to show that the default was not the result of his culpable conduct. While the *Maggiore* decision suggests that a motion to set aside a default judgment should be brought within the time limit of Rule 81, *Maggiore* relies on a misreading of *Butner v. Neustadter*, 324 F.2d 783 (9th Cir. 1963). In *Butner*, the Ninth Circuit held that a default judgment entered in state court is valid in federal court until it is set aside and concluded that the lower court abused its discretion in declining to set aside the default judgment in that case. *Id.* at 786–787. In so holding, the Ninth Circuit examined the three *Falk* factors but did *not* address the timeliness of the motion to set aside or suggest that had it been brought more than seven days after removal, the Court would no longer have discretion to grant relief. Therefore, the Court declines to follow *Maggiore*.

Here, Defendant filed its motion a little over one month after the entry of default and removal and within one week to ten days of learning that Plaintiffs would no longer honor their prior agreement to draft a stipulated motion to set aside the default. Plaintiffs' counsel explains that he was no longer willing to stipulate once Defendant removed the case, and essentially argues that Defendant should have anticipated Plaintiffs' counsel's change of mind and immediately moved to set aside the default. (Dkt. No. 13 at 9–12.) Plaintiffs' counsel's attempt to strategically leverage his own mistake to punish Defendant for removal is not a litigation tactic that impresses the Court. The timing of Defendant's motion was reasonable under the circumstances, and courts have granted motions to set aside default that were filed after significantly more time had passed from the entry of default. *See, e.g.*, *Lund v. Pardes*, 2020 WL 5892013 (W.D. Wash. 2020).

Because the entry of default was not the result of any culpable conduct by Defendant, Defendant has made some showing of meritorious defenses, setting aside the default will not prejudice Plaintiff, and Defendant timely moved for relief, the Court GRANTS Defendant's motion to set aside the entry of default. Because the Court is setting aside the default, Plaintiffs' motion to strike the answer or remand is DENIED.

ORDER
C21-0848-JCC
PAGE - 6

**III.    CONCLUSION**

For the foregoing reasons, the Court DENIES Plaintiffs' motion to strike the answer (Dkt. No. 10) and GRANTS Defendant's motion to set aside the entry of default (Dkt. No. 12).

DATED this 23rd day of August 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE